UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BENJAMINE A. RICHARDSON, )
 )
    P<small>LAINTIFF</small>, )
 )
vs. ) C<small>ASE</small> N<small>O</small>. 13-CV-643-FHM
 )
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
 )
    D<small>EFENDANT</small>. )

## OPINION AND ORDER

Plaintiff, Benjamine A. Richardson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff's October 23, 2009, application for social security benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was held August 25, 2011. By decision dated February 10, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 16, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 43 years old on the alleged date of onset of disability and 45 years old on the date of the ALJ's denial decision. [R. 21-31]. He has a 10th grade education and past work experience includes construction worker, sanitation worker, fast-food worker, and diesel mechanic helper. [R. 30]. Plaintiff claims to have been unable to work since October 23, 2009[2] due to problems with his back, legs, and hip, arthritis, and hand fungus. [R.180-181].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to varicose veins with a history of vein stripping of the right leg, and hypertension. Further, the ALJ found

---

[2] In his application for social security benefits, Plaintiff alleged he became disabled on September 30, 2002. [R. 180]. Because a claimant is not eligible for SSI benefits prior to the application's protective filing date, the relevant period began when Plaintiff filed his application on October 23, 2009. [R. 181]. See 42 U.S.C. § 1382(c)(7); 20 C.F.R. §§ 416.335, 416.501 (2013).

2

that Plaintiff's diagnosis of major depression is "non-severe." [R. 23]. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary[3] work as defined in 20 CFR 416.967(a). The ALJ specifically found that the Plaintiff had the ability to occasionally lift 50 pounds and frequently lift 25 pounds; push and/or pull foot and hand controls without limitation (except as to weight); stand and walk 2 hours in an 8-hour day; and sit approximately 6 hours in an 8-hour day. [R. 25]. Although Plaintiff is unable to perform his past relevant work and his ability to perform work at all exertional levels is limited, the ALJ determined, based upon the testimony of the vocational expert, that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 30-31]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that: 1) the ALJ's decision that Plaintiff's mental impairment of major depressive disorder was "non-severe" is unsupported by substantial evidence; 2) the ALJ failed to consider and weigh all of the opinion evidence; and 3) the ALJ failed to make a proper residual functional capacity determination.

---

[3] Pursuant to CFR § 404.1567 sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

## Analysis

### Depression Determined to be Non-Severe

Plaintiff argues that the ALJ's finding that Plaintiff's diagnosis of major depressive disorder was a "non-severe" impairment is not supported by substantial evidence. Plaintiff also argues that the ALJ erred by not including any mental limitations in the RFC or in the hypothetical questioning of the vocational expert.

Plaintiff stated that, "[e]ven though the ALJ found Plaintiff's major depressive disorder 'non-severe,' he was still required to include the impairment in the RFC and failed to do so." [Dkt. 17, p. 7]. One of the cases cited by Plaintiff to support his position is *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). In *Evans* the court reiterated the established rule that hypothetical questions to the vocational expert "must include all (and only) those impairments borne out by the evidentiary record." *Id.* (further citations omitted). Contrary to Plaintiff's suggestion, the *Evans* court did not say, that non-severe impairments which result in no functional limitations must be included in the RFC or hypothetical questioning. Plaintiff has not identified any functional limitations related to his mental status that should have been included in the RFC or the hypothetical questions. It is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions. The court will not "sift through" the record to find support for the Plaintiff"s arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff has not demonstrated that his depression affects his ability to work. The

court finds that the ALJ's RFC and hypothetical question are supported by substantial evidence.

## Consideration of Medical Source Opinions

Plaintiff argues that the ALJ and/or the Appeals Council failed to properly consider and weigh all the medical opinions contained in the record, specifically, the opinions of Drs. Lise Mungul and John Abraham. [Dkt. 17, p. 7-8].

A Physical Residual Functional Capacity Assessment was performed by Dr. Mungul on March 8, 2010. [R. 284-291]. Dr. Mungul was of the opinion that Plaintiff could perform the full range of medium work without any functional limitations. The ALJ's RFC assessment found that Plaintiff could perform the full range of sedentary work with restrictions of standing and walking for 2 hours in an 8-hour workday. [R. 25]. Thus, the ALJ's assessment was more restrictive and more favorable to Plaintiff. Plaintiff's arguments fails to show that any alleged error by the ALJ prejudiced or harmed Plaintiff. Since the ALJ adopted an RFC that is more restrictive than Dr. Mungul's opinion, Plaintiff was in no way prejudiced. See *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012)(finding no prejudice where ALJ failed to assign weight to opinion that did not help Plaintiff). The court finds that if it was error for the ALJ to have failed to discuss Dr. Mungul's opinion, the error was harmless.

Plaintiff's argument that the Appeals Council erred by not discussing or weighing the Functional Limitation Assessment completed by Dr. John G. Abraham, M.D., [R. 50], is without merit. The relevant period began when Plaintiff filed his application for benefits on October 23, 2009 and continued through the time the ALJ issued his denial decision on February 10, 2012. On April 12, 2013, nearly 14 months after the ALJ's decision, Dr.

5

Abraham completed his assessment. The Appeals Council specifically stated it looked at progress notes from Morton Comprehensive Health and Family and Children Services, all of which were dated after the ALJ issued his decision. Review was denied because the new information did not affect the ALJ's decision because it concerned a time after February 10, 2012. [R. 1-2]. Moreover, Plaintiff has not pointed to anything in the statutes or regulations that would require further analysis where new evidence is submitted and the Appeals Council denies review. The court finds that if it was error for the Appeals Council to have failed to discuss Dr. Abraham's Functional Limitation Assessment, the error was harmless.

## Residual Functional Capacity Determination

Plaintiff argues that the ALJ erred in finding he was capable of performing sedentary work. Plaintiff contends that the ALJ failed to consider the third party statement by agency clerk, H. Roop who, on November 19, 2009, observed that Plaintiff had difficulty sitting and walking. [R. 182]. Because the ALJ did not discuss the observations of the agency clerk does not mean that he ignored them. [Dkt. 17, p. 8-9]. The ALJ is not required to discuss every piece of evidence in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004), and the one time contact with the agency clerk does not contain any opinions that were required to be evaluated under SSR 06-3p. The ALJ stated he carefully considered the entire record. [R. 21]. The Tenth Circuit has stated it will take the ALJ at his word when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). The court finds that the ALJ's decision demonstrates he adequately considered the evidence.

The ALJ accorded great weight to the opinion of Dr. Jerry D. First, M.D. Plaintiff argues, however, that the RFC assessment is not supported by Dr. First's opinion. [Dkt. 17, p. 9; R. 28]. Plaintiff indicates the ALJ's RFC does not "adequately reflect the findings of Dr. First." [Dkt. 17, p. 9-10]. However, it is the ALJ, not a physician, who is charged with determining a claimant's RFC from the medical record. *Howard v. Barnhart*, 379 F.3d 945 C.A.10 (Okla.), 2004. See, e.g., 20 C.F.R. § 416.927(e)(2); SSR 96-5p, 1996 WL 374183, at *5.

Dr. First's February 1, 2010 report indicates that Plaintiff had decreased range of motion in his back and hips. An MRI showed patella alta variation and multiple variscosities. [R. 302]. Dr. First also indicated range of motion is essentially normal; patient comes from a reclining to sitting straight up on the table; is able to climb off examining table; walks four or five steps around examining room without any difficulty or need of assistive devices; on exiting the exam he walks down the 70 foot hallway with a limp involving his right leg; his gait is normal, safe and stable. [R. 266]. Plaintiff essentially argues that the findings of decreased range of motion and MRI findings should equate to a finding of disability. These arguments are an invitation for the court to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)). The court finds that the ALJ appropriately discussed Dr. First's findings and the ALJ incorporated the work-related functional limitations flowing from those findings into the RFC by limiting Plaintiff to standing and walking for two hours in an 8-hour workday. [R. 25].

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 5th day of January, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE